9 So.2d 129

## MILLER v. LIBERTY NAT. LIFE INS. CO.

### 6 Div. 864.

Court of Appeals of Alabama.

April 14, 1942.

Rehearing Denied May 12, 1942.

J. L. Drennen, of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies and Ralph B. Tate, all of Birmingham, for appellee.

504

BRICKEN, Presiding Judge.

Abe Miller brought suit against Liberty National Life Insurance Company for $126, with interest thereon from November 3, 1938, alleged to be due by an insurance policy, No. 188236, issued by Citizens Life Insurance Company, and dated May 5, 1930, the payment of which was alleged to have been assumed by the appellee, prior to June 3, 1930. It was alleged in the complaint, as amended, that under said insurance policy said plaintiff was insured in the sum of $5.25 per week as a weekly accident insurance benefit in the event said plaintiff sustained an injury of such nature as to totally disable him from any work whatever for four consecutive days and there was external evidence of such injury, it being provided in policy that the total number of days for which benefits would be paid would be limited to 182 days during any 12 consecutive months.

It was further alleged in the complaint that while said insurance policy was in full force and effect said plaintiff on June 3, 1930, sustained an injury which totally disabled him from any kind of work whatever, of which injury there was external evidence; that said disability had continued since that time, of which defendant has had notice; that the defendant had paid plaintiff said $5.25 benefits for certain weeks of plaintiff's continued disability but that the defendant had failed and refused to pay said weekly benefits for the period beginning June 3, 1938, for which period plaintiff was entitled to receive from the defendant said $5.25 weekly benefits for a period of 182 days in said year of which the defendant had paid weekly benefits for two weeks, leaving 24 weeks of said period unpaid at the rate of $5.25 per week, which became due November 3, 1938, and which then with interest thereon was due and unpaid.

Said suit was begun May 31, 1939.

The case was tried in the court below without a jury upon an agreed statement of facts. The trial court rendered judgment for the defendant, from which this appeal was taken.

The agreed statement of facts upon which the case was submitted for judgment in the trial court provided: "It is agreed in the above case that, if under the terms of the policy sued on and which is introduced in evidence as a part of this agreement, that the liability of the defendant for disability from sickness or accident arising before the insured reached his fifty-fifth birthday did not cease when he reached his fifty-fifth birthday, then plaintiff is entitled to recover, and, on the other hand, if all liability of the defendant for disability from sickness or accident, arising before the insured reached his fifty-fifth birthday, then plaintiff is not entitled to recover, the amount sued for being for benefits accruing after he reached his fifty-fifth birthday on account of a disability arising out of sickness or accident accruing before he reached his fifty-fifth birthday."

The insurance policy involved in this case was issued by the insurer on May 5, 1930, to Abe Miller, the insured, who was then 53 years of age, for a weekly premium of 35 cents. It is apparent from said policy that the insured reached his fifty-fifth birthday in the year 1932, on or before May 5th of that year. Said policy is, upon its face, designated as a "Health and Accident Policy," although it provided for the payment of a death benefit of $56, under the conditions specified in said policy. This death benefit, according to the policy, "shall be in full force and effect after six months from the date on which this policy is delivered."

Said policy also provided that, "in consideration of the payments in advance of the premiums stated in the schedule below, (35¢) per week, on or before each and every Monday during the life of this policy," the insurer agreed to pay, subject to the conditions of the policy, to the insured the weekly benefits named in the schedule set out therein ($5.25 per week) and according to the terms of said policy.

The foregoing provisions are upon the face of the policy, in prominent type. But said policy also prominently declares that it was, "issued and accepted subject to the conditions set forth in this folio and the reverse side thereof, each and all of which are hereby made a part of this contract."

Among the provisions on the reverse side of the policy are the following:

"4. All premiums must be paid at least one week in advance. Provided, however,

this policy shall not lapse for non-payment of premiums until the premiums for four weeks are in arrears. The insured, however, shall not be entitled to sick or accident benefits when premium payments are two weeks or more in arrears.

"5. Benefits for accident disability will be paid only when injury is of such a nature as to totally disable the insured from any kind of work whatever for four consecutive days, and there must be external evidence of such injury. The total number of days for which benefits will be paid under this policy is limited to 182 during any twelve consecutive months. Benefits under this clause will be paid every seven days except when payment is for less than one week.

"7. Either the insured or the Company may have the right to cancel or reduce the insurance granted herein against disability by sickness or accident, in which event the premium payable for such disability insurance will be discontinued or proportionately reduced. Provided, that the Company may exercise this right only by notice either delivered to the insured or mailed to the insured's last address as shown by the records of the Company. However, such cancellation or reduction shall be without prejudice to any claim originating prior thereto.

"11. Risks will not be accepted by this Company under the minimum age of 16 nor over the maximum age of 54. And all liability of the Company for disability from sickness or accident ceases in this policy after the insured reaches his 55th birthday."

The insurer, appellee, in this case, contended upon the trial below, that under the eleventh condition, above noted, set out on the reverse side of the policy, it was not liable to pay the weekly benefits of $5.25, mentioned in the policy of insurance, for an injury sustained by the insured on, to wit, June 3, 1930, and which totally disabled the insured from all work, and which total disability was continuous from June 3, 1930, to the bringing of this suit on May 31, 1939, in so far as the period of time intervening between June 3, 1938, and the bringing of the suit on May 31, 1939, is concerned for the reason that the insured reached his fifty-fifth birthday in the year 1932, and on or before May 5th, of that year, and that under the eleventh condition set out on the reverse side of the

policy all liability of the insurer for disability sustained by the insured from an accident sustained by him on, to wit, June 3, 1930, ceased when the insured reached his fifty-fifth birthday in the year 1932.

It is contended by the insured, upon this appeal, that if the cessation from liability of the insurer for total disability from an accident, provided under said eleventh condition set out upon the reverse side of the policy, is to be given any effect at all, it must be limited to accidental injury sustained by the insured after he reaches his fifty-fifth birthday.

If this court correctly understands the allegations of count 1 of the amended complaint, the insurer paid the insured $5.25 per week indemnity for the total disability suffered by him from an accident sustained on, to wit, June 3, 1930, for a period of 182 days, in each year that extended from June 3, 1930, to June 3, 1938. If this be true, then the complaint alleges that the insurer paid the insured accidental disability benefits for the years, 1932 to June 3, 1938, each inclusive, that is, through a period of years after the insured reached his fifty-fifth birthday.

The insurance policy in question was prominently designated as a "Double Indemnity Health and Accident Policy." Its declared purpose was to pay, first, weekly benefits for accidental injury resulting in the total disability of the insured to work, and, second, a death benefit. The amount of premium exacted was 35 cents per week. The life insurance granted in the policy was declared to be based upon the one year plan, renewals at the option of the insurer on each anniversary date of said policy, with the legal reserve element therein computable and maintainable accordingly.

The weekly premium of 35 cents was, of necessity, used and received by the company for the purpose, among others, (a) of providing the $5.25 per week indemnity for total disability, and, (b) of providing the death benefit of $56 payable upon the death of the insured. In other words, the insured purchased with his weekly premiums of 35¢ a certain amount of accidental disability insurance, viz., $5.25 per week, for which a definite pro rata part of said weekly premiums was received and used by the insurer for this purpose, and also the prescribed amount of death benefit insurance, viz., $56, for which definite pro

rata part of said weekly premiums, was received and used by the insurer as a legal reserve element for the creation of the fund out of which said death benefit was to be paid on the death of the insured.

It has, hereinabove, been noted that all premiums were payable at least one week in advance and that the policy should become void if said weekly premiums were not paid according to the terms of said policy.

It has also, hereinabove, been observed that the company had the right to cancel or reduce the insurance granted by the policy against disability by sickness or accident by first giving notice to the insured as provided in the said policy, in which event the premium payable for such disability insurance would be discontinued or proportionately reduced.

There is no intimation in the agreed statement of facts that the insurer defended against the suit either on the ground of non-payment of the full amount of premium exacted by the policy, or on the ground that the insurance granted by the policy had been cancelled or reduced by the company with a corresponding diminution of the premium paid for said disability insurance. We understand the agreed statement of facts to mean, that the insured had complied with all the provisions of the policy with respect to the payment of all weekly premiums specified in the policy and with respect to the other provisions of said policy upon which his right to receive the weekly indemnity specified in the policy depended, other than the specified condition that when he paid the premium due after May, 1932, he had reached his fifty-fifth birthday, or was over 55 years of age, of which both the insured and the insurer had notice as stated in the policy. If this court is correct in its interpretation of the agreed statement of facts, then it is too clear for argument or reasonable controversy, that by accepting and retaining the weekly premiums specified in the policy for accidental total disability benefits and the death benefits, with knowledge that the insured was then over 55 years of age as the provisions of the policy shows, the insurer waived that clause in the policy which declared that, "all liability of the company for disability from sickness or accident ceases in this policy after the insured reaches his 55th birthday." The proposition announced is of such long standing in this jurisdiction and is so well understood, as to need no citation of authority in support thereof.

We are of the opinion that the trial court erred in rendering its judgment in favor of the defendant, and also erred in not rendering judgment in favor of plaintiff, upon the agreed statement of facts.

Reversed and remanded.